# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONNA LIBERTO, | : | |
| | : | |
| Plaintiff, | : | C.A. No.: |
| | : | |
| v. | : | |
| | : | |
| SMYRNA SCHOOL DISTRICT, | : | JURY TRIAL DEMANDED |
| PATRICIA P. CONLEY, both individually | : | |
| and in her official capacity, | : | |
| | : | |
| Defendant. | : | |

## **COMPLAINT**

1. This action arises to remedy discrimination on the basis of a disability in the terms, conditions and privileges of employment pursuant to the American with Disabilities Act, 42 U.S.C. §§ 12101 ("ADA") and the laws of the State of Delaware.

2. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 and 42 U.S.C. § 12117(a).

3. Venue lies in this judicial district since all acts alleged herein occurred within the District of Delaware.

## **PARTIES**

4. Plaintiff, Donna Liberto, a female citizen of the United States and currently resides in Hartly, Delaware.

5. Defendant, Smyrna School District, is a school district and board as recognized in 14 Del. C. § 1069 and shall have the authority to administer and to supervise the free public schools of the reorganized school district and which shall have the authority to determine policy and adopt rules and regulations for the general administration and supervision of the free public

schools of the reorganized school district. Such administration, supervision and policy shall be conducted and formulated in accordance with Federal and State law and the policies, rules and regulations of the Board pursuant to 14 Del. C. §§ 1043.

6. At all times relevant hereto, Defendant, Smyrna School District, has been an employer as defined in the ADA in that Defendant's operations effect commerce and Defendant has employed in excess of fifteen (15) persons.

7. Defendant hires and employs child nutrition workers to administer the District's Child Nutrition Program.

8. Service to Defendant Smyrna School District can be accomplished through their Superintendent Deborah Wicks at their Administration Building, 22 South Main Street, Smyrna DE 19977 and the Attorney General's Office, Joseph R. "Beau" Biden, III, Department of Justice, Carvel State Office Building at 820 North French Street in Wilmington, DE 19801.

## FACTS COMMON TO ALL COUNTS

9. Plaintiff was hired as a child nutrition worker on August 2, 2006.

10. Plaintiff was assigned to work at the North Smyrna Elementary School where she assisted in administering the District's Child Nutrition Program.

Prior and during Plaintiff's employ, Defendant engaged in screening in an attempt to illicit information about possible disabilities.

11. On February 16, 2007, the Plaintiff received a voice mail from her supervisor Patricia P. Conley notifying Plaintiff that she was being terminated for health reasons.

12. On or around February 16, 2007, the Plaintiff received a letter Conley confirming that Plaintiff was being terminated for a "Medical condition which could be hazardous to you and fellow employees which was not on your application". 2-16-07 Letter from Smyrna School

District Child Nutrition Program attached as Exhibit "A".

13. In fact, Liberto did not have a medical condition nor did she ever suggest that she had a medical condition.

14. It is clear from Conley's letter and voice message that the School District regarded Liberto as having such an impairment.

15. It was represented in the Defendant's position statement to the Department of Labor that the District perceived Plaintiff as being deaf.

As a result of Plaintiff's perceived medical condition, she was subject to enhanced scrutiny by the Defendant during her employment.

16. A plaintiff need not have an actual impairment in order to have a claim under the ADA. The ADA's definition of "disability" includes "Being regarded as having such an impairment." 42 U.S. C. §12102(2); Taylor v. Pathmark Stores, 177 F.3d 180, 187 (3d Cir. 1999).

17. Hearing has been defined as a "major life activity" under the umbrella of the ADA. 29 C.F.R. §1630.2(i).

18. Subsequent to her termination, Plaintiff has continuously applied for similar positions at other school districts with no success. By information and belief, Defendant's termination of Plaintiff has been the motivating factor for her inability not to find employment.

19. Based on the Defendant's own statements, the Plaintiff's perceived medical condition was a motivating factor in Plaintiff's termination.

## DEPARTMENT OF LABOR/EEOC PROCEEDINGS

20. The original investigation by the Delaware Department of Labor resulted in a

probable cause finding based on the evidence, which supported Plaintiff's allegations. Final Determination and Right to Sue Notice attached as Exhibit "B".

21.    Plaintiff received a copy of the Notice of Right to Sue Letter on or around July 28, 2008.

## COUNT I – DISABILITY DISCRIMINATION – AMERICANS WITH DISABILITIES ACT- DENIAL OF EMPLOYMENT

22.    Paragraphs 1 through 21 are hereby realleged and incorporated herein by reference as if fully set forth herein.

23    Such acts as described above by Defendant, Smyrna School District, through its agents and employees, in terminating Plaintiff's employment, constitute unlawful disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et. seq.

24.    As a direct and proximate result of Defendant's unlawful discrimination, in the nature of disability discrimination, by and through its agents and employees, Plaintiff Donna Liberto has been injured and has suffered and will continue to suffer economic loss, loss of wages and increased benefits, pain, fear, humiliation, anxiety, depression, mental anguish, emotional distress, and physical manifestation of anxiety.

## COUNT II- DISABILITY DISCRIMINATION- AMERICANS WITH DISABILITIES ACT-ILLEGAL EMPLOYMENT SCREENING AND SCRUTINY FOR DISABILITIES

25.    Paragraphs 1 through 24 are hereby realleged and incorporated herein by reference as if fully set forth herein.

26.    Such acts as described above by Defendant, Smyrna School District, its agents and employees, in subjecting Plaintiff, Donna Liberto, to enhanced scrutiny and pre-employment screening to illicit information about a disability constitute unlawful disability

discrimination against Plaintiff in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et. seq.

27.    As a direct and proximate result of Defendant's unlawful discrimination, in the nature of disability discrimination, by and through its agents and employees, Plaintiff Donna Liberto has been injured and has suffered and will continue to suffer economic loss, loss of wages and increased benefits, pain, fear, humiliation, anxiety, depression, mental anguish, emotional distress, and physical manifestation of anxiety.

## **PUNITIVE DAMAGES**

28.    Paragraphs 1 through 27 are hereby realleged and incorporated herein by reference as if fully set forth herein.

29.    Defendant's actions as described above were done maliciously and/or with reckless indifference to the federally protected rights of Plaintiff.

**WHEREFORE**, Plaintiff, Donna Liberto demands judgment in her favor against Defendant Smyrna School District. for compensatory damages, damages for emotional distress, damages for pain and suffering, lost wages, fringe benefits, front pay, special damages, medical expenses, costs of this action, Attorney fees, expert fees, pre-judgment interest, post-judgment interest, and any other just and equitable relief as this Court deems proper, including an injunction permanently restraining these violations of the Americans with Disabilities Act and a directive that Defendant take such affirmative action as are necessary to ensure that the effects of these unlawful employment practices are eliminated.

**YOUNG, MALMBERG & HOWARD, P.A**.

/s/ Ronald G. Poliquin
Ronald G. Poliquin, Esquire
I.D. No. 4447
30 The Green
Dover, DE 19901
302-672-5600
*Attorney for Plaintiff*

DATED: October 13, 2008